IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TIMOTHY BURKE,
on behalf of himself and all other
similarly situated current and former employees                                PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:16-CV-00152-NBB-JMV

MANAGEMENT & TRAINING CORPORATION                                              DEFENDANT

MEMORANDUM OPINION

Presently before the court is the plaintiff's motion for conditional certification and notice to putative plaintiffs. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

Defendant Management & Training Corporation ("MTC") currently operates three correctional facilities within the state of Mississippi.[1] The plaintiff, Timothy Burke, is a former MTC employee who worked as a Lieutenant at MTC's Marshall County facility. While an MTC employee, Burke alleges that he was paid on a salary basis, regularly worked in excess of forty hours a week, and was not compensated for those excess hours.

Burke commenced litigation on July 1, 2016, alleging that MTC violated the Fair Labor Standards Act ("FLSA") by willfully misclassifying him as exempt from the statute's overtime provisions. Burke seeks to institute this action on behalf of himself, as well as others similarly situated. Accordingly, he filed the instant motion to conditionally certify this FLSA action as a collective action under 29 U.S.C. § 216(b) and to approve notice to putative plaintiffs.

---

[1] MTC previously operated four Mississippi facilities but one of those has since been closed.

<u>Legal Standard</u>

Pursuant to the FLSA, covered employers are required to compensate non-exempt employees for overtime when they work in excess of forty hours per week. 29 U.S.C. § 207(a). Further, when an employee is unlawfully denied overtime, section 16(b) of the FLSA permits an employee to bring suit against an employer "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). However, "no employee shall be a party plaintiff to any such action unless he gives his consent in writing . . . and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Thus, the FLSA follows an "opt in" format for collective actions. *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).

Although the Fifth Circuit has yet to endorse a particular method for determining whether a collective action should be certified in FLSA suits, a majority of district courts apply the *Lusardi* approach. *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). Under this approach, certification is divided into two stages: (1) the notice stage; and (2) the merits or decertification stage. *Santinac v. Worldwide Labor Support of Illinois, Inc.*, 107 F. Supp. 3d 610, 614 (2015) (citing *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011)).

"In the notice stage, a district court makes a decision, based on the pleadings and any affidavits, whether to 'conditionally' certify the collective action and authorize notice to potential class members." *Harris v. Hinds Cnty.*, 2014 WL 457913, at *2 (S.D. Miss. Feb. 4, 2014). "The second stage occurs when and if the defendant files a motion for decertification, 'after discovery is largely complete and more information on the case is available.'" *Tsib v. Moore Feed Store, Inc.*, 2015 WL 2415530, at *3 (N.D. Miss. May 21, 2015) (citing *Case v. Danos and Curole Marine Contractors, L.L.C.*, 2015 WL 1978653 (E.D. La. May 4, 2015)).

Analysis

*Conditional Certification*

Burke seeks to certify the following class for this lawsuit:

All current and former employees holding the job title of Lieutenant who worked for Management & Training Corporation [] from July 1, 2013, to the present, who were paid on a salary basis, worked over 40 hours in any given week and were not paid overtime, excluding only those Lieutenants employed solely as training lieutenants, investigative lieutenants, ARP lieutenants and fire and safety lieutenants.

To demonstrate that conditional certification is warranted, a plaintiff must provide competent evidence to show that a group of similarly situated potential plaintiffs exists. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), overruled on other grounds by *Desert Palace v. Costa*, 539 U.S. 90 (2003). At the notice stage, the court utilizes a "fairly lenient standard because of the minimal evidence available at this stage." *Harris*, at *2. Thus, the plaintiff's burden is low and "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1214.

Relevant factors to guide the court are whether (1) potential plaintiffs have been identified, (2) affidavits of potential plaintiffs have been submitted, and (3) evidence of a widespread plan has been submitted. *Brown v. United Furniture Industries, Inc.*, 2015 WL 1457265, at *6 (N.D. Miss. March 30, 2015) (citing *White v. NTC Transp., Inc.*, 2013 WL 5874566 (N.D. Miss. Oct. 31, 2013)). Further, conditional certification is permissible despite some level of heterogeneity, as the positions compared "need not be identical, but similar" with respect to "job requirements and with regard to [] pay provisions." *Aguilar v. Complete Landscultpure, Inc.*, 2014 WL 2293842 (N.D. Tex. Oct. 7, 2004).

3

In support of his motion, Burke has attached his affidavit, as well as the affidavits of four other former MTC Mississippi employees. According to the affidavits, each affiant held the position of Lieutenant at a MTC facility located in Mississippi; was classified as exempt from the FLSA's overtime requirements; regularly and repeatedly worked in excess of forty hours and was not paid for those excess hours; did not clock in or out and was not aware of any lieutenants clocking in or out; was paid on a salary basis; had no hiring authority or other type of managerial authority; and personally observed the work of other lieutenants and found it to be similar to their own.

Burke also relies upon the deposition testimony of MTC's Human Resources Director Stephanie Hall. Hall's testimony demonstrates that the job duties and responsibilities of all lieutenants at MTC's Mississippi facilities are substantially the same. According to Hall, they may be only "slightly different" on a "day-to-day level" depending on what circumstances might arise at a particular facility. Hall further testified that, as far back as 2008, MTC has classified all of its employees holding the position of lieutenant as exempt from the FLSA's overtime requirements. According to Hall, MTC applies its exempt employee pay policy and paid time off policy uniformly to all lieutenants.

In addition, MTC's responses to Burke's Request for Admissions confirm that it classifies all lieutenants at its Mississippi facilities as exempt without an individualized assessment of job duties and responsibilities of each lieutenant. MTC further admits that it classifies all lieutenants at its Mississippi facilities as exempt without a facility by facility inquiry as to job duties and responsibilities of lieutenants at those facilities.

Having considered these exhibits and the applicable authority, the court finds that Burke has satisfied the "fairly lenient standard" necessary for conditional certification. Burke has

shown the existence of a group of similarly situated potential plaintiffs who were subjected to the same policy or practice. The complaint and exhibits show a putative class of lieutenants employed at MTC's Mississippi facilities who performed similar duties and had similar responsibilities, were paid on a salary basis, were classified as exempt from the FLSA's overtime provisions, regularly and repeatedly worked in excess of forty hours a week, and were denied compensation for those excess hours.

The court now briefly addresses MTC's arguments made in opposition to conditional certification. MTC first contends that the affidavits relied upon by Burke are "largely-conclusory, virtually-identical" and "contain nothing more than unsupported, boilerplate generalizations." The court finds this argument to be unpersuasive, particularly considering the low burden placed upon Burke at this stage. To be sure, "[i]f the [c]ourt required more proof at this stage, it would be overlooking the purpose behind the two-stage inquiry." *Salinas-Rodriguez v. Alpha Services, L.L.C.*, 2015 WL 3557178, at *3 (S.D. Miss. Dec. 27, 2005) (finding affidavits in generalized terms to be sufficient to satisfy the notice stage).

MTC next opposes conditional certification by arguing that "whether the plaintiff and any other potential opt in plaintiffs satisfied the exemption criteria will necessitate a detailed, factually intensive analysis of their actual daily, weekly and monthly work duties, rather than a generalized consideration of what may be set out in their written job description." The court finds this argument to be irrelevant at this stage as such an inquiry is more appropriate if and when a defendant moves for decertification. *See Santinac*, 107 F. Supp. 3d at 615 (citing *Huaman v. Ojos Locos Sports Cantina LLC,* 2014 WL 4081554, at *4 (N.D. Tex. Aug. 19, 2014)). Moreover, MTC concedes that it engaged in no such individualized assessment when it

5

made the categorical decision to classify all of its lieutenants as exempt. Thus, the court believes it disingenuous for MTC to now suggest that such an inquiry is necessary.

Lastly, MTC contends that Burke has failed to demonstrate that others want to opt in, or join, the instant lawsuit. Many courts, however, do not require such a showing because "the best way to determine whether a party is interested in joining a lawsuit is to send her notice and allow her to opt in." *Brooks v. Illusions, Inc.*, 2016 WL 6781244, at *2 (S.D. Miss. Nov. 16, 2016); *see also Harris*, 2014 WL 457913, at *3; *Santinac*, 107 F. Supp. 3d at 616.

For these reasons, the court finds MTC's arguments in opposition to be without merit. Accordingly, the court finds that Burke's motion for conditional certification should be granted and that notice to putative plaintiffs should be sent.

*Scope of the Class*

MTC argues that the scope of Burke's proposed class should be limited to only those lieutenants working at MTC's facilities located within the state of Mississippi. As Burke does not oppose this request, the court finds that the scope of the class should be amended accordingly.

MTC further contends that certain types of lieutenants, security threat group and disciplinary hearing officer in particular, should be excluded from the proposed class because they are specialized lieutenant positions and, thus, are not similarly situated to Burke. MTC, however, was given the opportunity to identify particular groups to be excluded during discovery, yet failed to include these two. For this reason, the court finds that no additional exclusions are warranted.

*Contact Information of Potential Plaintiffs*

6

Burke requests that MTC be directed to provide names, addresses, telephone numbers, and e-mail addresses of all potential plaintiffs. MTC objects only to the disclosure of telephone numbers and e-mail addresses. Courts often approve the disclosure of telephone numbers and e-mail addresses. *See Minyard v. Double D Tong, Inc.*, 2017 WL 1193666 (W.D. Tex. Feb. 27, 2017); *Ramos v. Capitan Corporation*, 2016 WL 8674617 (W.D. Tex. May 18, 2016); *Brown v. Phenix Transportation West, Inc.*, 2016 WL 3648274 (S.D. Miss. March 31, 2016 ). MTC fails to demonstrate that disclosure of such information would be overly burdensome or unnecessary to facilitate notice. The court, therefore, directs MTC to provide to Burke the names, addresses, telephone numbers and e-mail addresses of all potential opt-in plaintiffs.

*Substance of the Proposed Notice*

A plaintiff is typically allowed to use his preferred language in drafting the notice. *See Birdie v. Brandi's Hop Community Services, LLC*, 2017 WL 2588089; *Ramos*, 2016 WL 8674617, at *4; *Reyes v. Quality Logging, Inc.*, 52 F. Supp. 3d 849, 852 (S.D. Tex. 2014). MTC advances several objections to the substance of Burke's proposed notice. Burke has agreed to modify in accordance with a small number of these objections. Consequently, the court will address only those objections remaining that it believes merit discussion.

I. "What is the Current Status of the Lawsuit?" section

MTC first takes issue with Burke's proposed language in the "What is the Current Status of the Lawsuit?" section that provides "[t]he . . . [c]ourt has ordered this [n]otice be distributed . . . ." According to MTC, the term "ordered" gives the impression that the court has ruled on the merits or otherwise has a favorable opinion as to Burke's claims. The court disagrees. Moreover, Burke has included a section within the proposed notice that clearly advises potential

7

plaintiffs that the court has expressed no opinion as to the merits of the case. This sufficiently addresses MTC's concerns.

II. "How do I Join the Lawsuit?" section

MTC next objects to certain language contained in the "How do I join the lawsuit?" section. The final sentence in that section provides "if you fail to return [a consent form] on or before the deadline, you cannot participate in any settlement or judgment for damages . . . ." MTC argues such language indicates that a monetary settlement or judgment is guaranteed. The court believes MTC's objection can be easily remedied by amending the language as follows:

> However, if you fail to return and have filed a Plaintiff Consent Form on or before the deadline, you cannot participate in any settlement or judgment for damages under the FLSA as part of this lawsuit, *if any such settlement is reached or judgment awarded.*

The court finds that Burke should amend his proposed notice accordingly.

III. "What is the Legal Effect of Joining the Lawsuit?" section

MTC requests that Burke include additional language advising potential plaintiffs of the "legal effect" of joining the instant law suit. MTC first contends that language should be added to advise potential plaintiffs that they may be required to participate in discovery and/or attend trial if they choose to opt in. MTC further asserts that the notice should inform potential plaintiffs that they could be held responsible for litigation costs if they opt in and MTC were to prevail.

Burke opposes the inclusion of such language because he believes it is unnecessary and "is only sought . . . to discourage individuals from joining the lawsuit." Regardless of MTC's motives for this request, courts generally approve the inclusion of such language on the basis that it allows potential plaintiffs to "make an informed decision about whether to join the lawsuit." *Santinac*, 107 F. Supp. 3d at 618; *see also Ramos*, 2016 WL 8671617; *Snively v. Peal Pressure*

8

*Control, LLC*, 174 F. Supp. 3d 953 (W.D. Tex. 2016); *Leyva v. 35 Bar & Grill, LLC*, 2015 WL 5751638 (W.D. Tex. Sept. 22, 2015); *Slamna v. API Restaurant Corp.*, 2013 WL 3340290 (S.D.N.Y. July 2, 2013). The court agrees with this logic and finds that Burke's proposed notice should be amended to include language advising potential plaintiffs of the possible legal consequences should they choose to opt in.

IV. Limitations Period

The parties disagree as to what limitations period applies to the instant case. MTC contends that the standard two-year limitations period for FLSA actions is warranted. See 29 U.S.C. § 255(a). However, when a defendant is alleged to have willfully violated the FLSA, as has been done here, a three-year statute of limitations applies. See 29 U.S.C. § 255(c). Thus, the court finds that the three-year limitations period is appropriate in the instant case.

V. Where to Send Opt-In Forms

Burke argues that the opt-in forms should be sent to Plaintiff's counsel, while it is MTC's position that those forms should be sent to the Clerk of Court. District courts in this circuit typically direct opt-in forms be sent to the Clerk. *See Santinac*, 107 F. Supp. 3d at 618; *Tolentino v. C & J Spec-Rent Servs., Inc.*, 716 F. Supp. 2d 642, 655 (S.D. Tex. 2010). The court, therefore, finds that opt-in forms should be sent to the Clerk of Court.

VI. Opt-In Period

The parties also disagree as to the duration of the opt-in period. Burke has requested a sixty-day opt-in period. MTC objects, argues that sixty days is too long, and asserts that a thirty-day opt-in period is more appropriate. A notice period of sixty days is the default notice period in this circuit and, in fact, some courts have permitted more than sixty days. *See Santinac*, 107 F. Supp. 3d 610 (noting that the default notice period is 60 days); *Owens v. Southern Hens, Inc.*,

9

2008 WL723923 (S.D. Miss. March 17, 2008) (permitting a 120-day opt-in period); *Salinas-Rodriguez*, 2005 WL 3557178 (allowing plaintiffs 180 days within which to file consent forms). Accordingly, the court finds that Burke's request for a sixty-day (60) opt-in period should be granted.

VII.    Identification of Counsel

MTC requests that its counsel be identified in the notice sent to potential plaintiffs. Burke objects and argues that including defense counsel's information would likely confuse potential plaintiffs, possibly leading them to contact defense counsel and "make statements adverse to their interests which could be used against them."

There is a split among district courts as to whether the inclusion of defense counsel's contact information is appropriate. Courts that have found such inclusions to be improper "generally cite ethical concerns about post-certification communication between defense counsel and class members." *Ramos*, 2016 WL 8674617, at 5 (citing *Garcia v. TWC Admin., LLC*, 2015 WL 1737932, at *7 (W.D. Tex. Apr. 16, 2015)). Including such information "risks violation of ethical rules and inadvertent inquiries" and leads to "needless confusion." *Id.* (citing *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010)). The court finds this reasoning to be persuasive. Consequently, MTC's request on this matter is denied.

*Burke's Proposed Distribution of Notice*

In addition to sending notice by mail, Burke requests that the court order MTC to post a copy of the notice on its lunch room or break room bulletin boards. MTC objects and contends that Burke has failed to demonstrate that this form of additional notice is necessary. Courts, however, routinely approve such requests. *See Minyard*, 2017 WL 1193666, at *4; *Ramos*, 2016 WL 8674617, at *6; *Pacheco v. Aldeeb*, 2015 WL 1509570, at *9 (W.D. Tex. Mar. 31, 2015);

*Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 493 (E.D. Cal. 2006); *Johnson v. Am. Airlines, Inc.*, 531 F. Supp. 957, 961 (N.D. Tex. 1982). As MTC has failed to show that such a request would be burdensome or otherwise unfair, the court finds that Burke's request shall be granted. Thus, MTC is directed to post notice accordingly.

Burke further requests that MTC be ordered to attach notice and opt-in forms to all potential plaintiffs' pay stubs. MTC objects and argues that complying with this request would be unduly burdensome. Burke cites no authority approving similar requests and fails to demonstrate the necessity of such measures. Burke's request in this regard is, therefore, denied.

## Conclusion

For the foregoing reasons, the court finds that the plaintiff's motion for conditional certification and notice to putative plaintiffs is well-taken and should be granted. The parties are directed to comply with the court's rulings on the defendant's objections. The court further directs the parties to follow the plaintiff's proposed timeline for disclosures and notice found within the instant motion. A separate order in accord with this opinion shall issue this day.

This, the 24th day of July, 2017.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**