IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TIMOTHY BURKE,
on behalf of himself and all other
similarly situated current and former employees                    PLAINTIFFS

V.                                CIVIL ACTION NO. 3:16-CV-00152-NBB-JMV

MANAGEMENT AND TRAINING CORPORATION               DEFENDANT

## MEMORANDUM OPINION

This cause comes before the court upon Defendant's Motion to Decertify the Collective Action. Upon due consideration of the motion, response, exhibits and applicable authority, the court is ready to rule.

### Factual and Procedural Background

Plaintiff Timothy Burke commenced the instant litigation, alleging that his former employer, Defendant Management & Training Corporation ("MTC"), violated the Fair Labor Standards Act ("FLSA") by willfully misclassifying him as exempt from the statute's overtime provisions. MTC currently operates three correctional facilities within the state of Mississippi. Burke was a former MTC employee who worked as a Lieutenant at MTC's Marshall County facility. Burke alleged that he was paid on a salary basis, regularly worked in excess of forty hours a week, and was not compensated for those excess hours.

Burke sought to institute this action on behalf of himself, as well as others similarly situated. He contended that all employees holding the position of Lieutenant in MTC's Mississippi facilities were misclassified as exempt. The court granted Burke's motion to conditionally certify this FLSA suit as a collective action under 29 U.S.C. § 216(b) and ordered that notice be sent to putative plaintiffs. More than fifty former and current MTC employees

chose to opt in. The parties have completed discovery and MTC now moves to decertify the collective action.

Analysis

Pursuant to the FLSA, covered employers are required to compensate non-exempt employees for overtime when they work in excess of forty hours per week. 29 U.S.C. §207(a). When an employee is unlawfully denied overtime, the FLSA permits an employee to bring suit against an employer "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Employers, however, do not have to pay overtime to individuals "employed in a *bona fide* executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). These exemptions constitute affirmative defenses to FLSA overtime claims. *Id.*

*Decertification Standard*

"Once discovery is complete and the employer moves to decertify the collective action, the court must make a factual determination as to whether there are similarly-situated employees who have opted in." *Portillo v. Permanent Workers, L.L.C.*, 662 F. App'x 277, 279 (5th Cir. 2016). "The court is required to 'look beyond the pleadings and affidavits,' and make its determination 'in light of all information gathered during the post-opt-in discovery.'" *White v. NTC Transp. Inc.*, 2013 WL 5874566, at * 2 (N.D. Miss. Oct. 31, 2013) (quoting *Gallender v. Empire Fire & Marine Ins. Co.*, 2007 WL 325792, at *2 (S.D. Miss. Jan. 31, 2007)).

If the court determines that they are not similarly situated, the opt-in plaintiffs are dismissed without prejudice, and the lead plaintiff proceeds to trial on his individual claims. *Mooney v. Aramco Servs.*, 54 F.3d 1207, 1214 (5th Cir. 1995). "The decision whether to decertify a collective action is within the court's discretion." *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 534 (S.D. Tex. 2008) (citing *Mooney*, 54 F.3d at 1213).

*MTC's Arguments for Decertification*

MTC advances two arguments in support of its motion to decertify the instant collective action. MTC first argues that the action must be decertified because Burke failed to demonstrate that he was similarly situated to the opt-in plaintiffs. MTC further contends that discovery has revealed significant differences in the opt-in plaintiffs' daily duties such that their claims cannot be properly adjudicated as a collective action.

I. Lead Plaintiff failed to show that he was similarly situated to opt-in plaintiffs

The lead plaintiff in a collective action "bears the burden of showing that [he] and the opt-in plaintiffs are similarly situated." *White v. Baptist Mem. Hlth. Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012); *see also Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 280 (N.D. Tex. 2008). If the lead plaintiff fails to carry his burden, the collective action should be decertified. *White*, 699 F.3d at 878. Burke passed away while discovery was being taken, but before he could be deposed or respond to written discovery requests from MTC. Consequently, MTC argues that Burke has not and cannot show that he was similarly situated to the opt-in plaintiffs.

To determine whether Burke and the opt-in plaintiffs were similarly situated, the court must make a factual inquiry into the work performed by each plaintiff. *See Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 574 (E.D. La. 2008) (noting that the inquiry is "highly fact-intensive" one). Due to his passing, the only evidence about Burke comes from a declaration which he submitted in support of his motion for conditional certification. The declaration contains no facts describing his daily duties which are necessary for the court to consider in making its similarly-situated determination.

For these reasons, the court finds that Burke failed to establish that he and the opt-in plaintiffs are similarly situated. Plaintiffs argue that it would be unfair to decertify the entire class on this basis alone, and, instead, request that they be allowed to substitute an opt-in plaintiff as Lead Plaintiff. The court considered allowing substitution. However, in light of other issues which will are addressed below, the court finds that substitution at this juncture would be an act of futility.

  II.  Opt-in plaintiffs' claims cannot be properly adjudicated as a collective action

In conducting the similarly-situated analysis, courts consider the following three factors: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Rousell v. Brinker Intern., Inc.*, 441 F. App'x 222, 226 (5th Cir. 2011). These factors, however, are not mutually exclusive, and there is considerable overlap among them. *Johnson*, 561 F. Supp. 2d at 574.

"The extent to which opt-in plaintiffs' work experiences differ directly influences [the employer's] capacity to prove its statutory defense." *Id.* Moreover, "the more dissimilar plaintiffs are and the more individuated [the employer's] defenses are, the greater doubts there are about the fairness of a ruling on the merits—for either side—that is reached on the basis of purportedly representative evidence." *Id.*

As its defense to the plaintiffs' claims, MTC asserts that all of its Lieutenants fall within the FLSA's executive and/or administrative exemptions. Both exemptions require that the employee's "primary duty" be related to "management" or "managing the enterprise." *See* 29 C.F.R. § 541.100; 29 C.F.R. §541.200. The executive exemption additionally requires that "the employee has the authority to hire or fire other employees or . . . [his] suggestions and

recommendations as to the hiring, firing, advancement, promotion . . . must be given particular weight." 29 C.F.R. §541.100(a). And, for the administrative exemption to apply, it must be shown that the employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. §541.200(a).

The court now considers the opt-in plaintiffs' deposition testimony. Alma Wren and Derelle Grady worked at MTC's East Mississippi facility. Wren testified that she gave recommendations for employee terminations and suspensions. Both Wren and Grady testified that they participated in interview panels for new hires, interviewed for staff promotions, and provided input regarding promotions to superiors. Wren additionally asserted that she occasionally disciplined staff. Grady also performed evaluations of his assigned staff. Both Wren and Grady testified that they often were the highest-ranking officer during their respective shifts.

Garry Shaw and Katherine Blake were employed at MTC's Marshall County facility. Unlike Wren and Grady, Shaw and Blake both asserted that they did not participate in new hire interviews or promotion boards. Further, unlike Wren, Shaw denied that he ever reprimanded or disciplined staff and, instead, testified that he reported any subordinate infractions to his superior. Blake, like Wren and Shaw, testified that she often was the highest-ranking officer on her shift.

Roderick McDavid, also employed at MTC's Marshall County facility, and Julius Anderson, employed at MTC's Wilkinson County facility, both testified to involvement in staff promotions but denied any participation in new hire interview panels. Anderson further asserted that he had the authority to discipline staff, but rarely did so. McDavid additionally stated that he evaluated the job performance of those working on his shift. Takesha Williams, also

5

employed at MTC's Wilkinson County facility, testified that she had the authority to reprimand her subordinates and to evaluate their job performance.

The court finds that the opt-in plaintiffs are not similarly situated within the meaning of the FLSA. The similarly-situated inquiry requires courts to examine each opt-in plaintiffs' job duties "in light of the exemption criteria." *Johnson*, 561 F. Supp. 2d at 574. As illustrated above, the opt-in plaintiffs' testimony revealed crucial differences relevant to the aforementioned exemption criteria. A determination regarding the executive exemption on a collective basis, in particular, would likely be very difficult given the opt-in plaintiffs' varied accounts relevant to their involvement in MTC's hiring and promotional procedures.

Moreover, the court finds that fairness and procedural considerations weigh in favor of decertification. It bears repeating that the opt-in plaintiffs' testimony revealed significant differences in the work each performed. "Such diversity in individual employment situations inhibits [MTC] from proving its statutory exemption defense as to all [] opt-in plaintiffs on the basis of representative proof." *Johnson*, 561 F. Supp. 2d at 579.

To properly defend itself, MTC would have to "pick the class apart, plaintiff by plaintiff, going into the day to day duties of each of the plaintiffs to prove that these [lieutenants] are properly classified as exempt." *Id.* at 586. Thus, the parties would be conducting separate mini-trials to resolve each individual's claim. "Such a result is the antithesis of collective action treatment and would overwhelm the judicial system and eliminate any judicial efficiency that might be gained through a collective approach." *Hinojos v. Home Depot, Inc.*, 2006 WL 3712944, at *2 (D. Nev. Dec. 1, 2006).

In sum, the court finds that this action would not be manageable at trial. Because resolution of the plaintiffs' claims would require significant individualized determinations and

6

considerations, the court believes that MTC could not fairly defend itself on the basis of representative proof. Accordingly, the court finds that decertification is appropriate, and that the opt-in plaintiffs' claims should be dismissed without prejudice.

Plaintiffs have asked the court to toll the statute of limitations for a brief period so that the opt-in plaintiffs' claims will be preserved, should they choose to file individual claims against MTC. The court, therefore, finds that the statute of limitations as to the opt-in plaintiffs' claims should be tolled for a period of ninety (90) days, that their claims, if decided by them to continue, should be filed as individual cases, and assigned at random to the judges of this court.

### Conclusion

Based on the foregoing discussion, the court finds that MTC's motion to decertify the collective is well-taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 22nd day of August, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**